JOHN M. WILLIAMS, Assignee of Hodel-Mutti Manufacturing Co., Respondent, v. AARON S. HODEL and CHRISTIAN HODEL, Appellants.

Kansas City Court of Appeals, November 6, 1911.

CONTRACTS: Breach: Abandonment by Plaintiff: Bond. A corporation made a general assignment for the benefit of its creditors, June 22, 1909. The assignee, under order of court, sold to defendant Aaron S. Hodel, on July 10, 1909, all of the assets of the corporation excepting its notes and accounts, and as a part of the consideration for the property purchased said Hodel agreed that if the assignee was unable to collect from the notes and accounts the sum of $4000 by December 1, 1909, said Hodel was to pay the difference, and take over the uncollected notes and accounts,

and he gave his bond in the sum of $500 to secure the performance of this agreement. The assignee having failed to collect $4000, the assignee under order of court, gave notice of sale of the uncollected notes and accounts, and notified said Hodel. The property was bid in at the sale by one Spealer. The assignee demanded of Spealer whether he was acting for Hodel, and on his answer that he was acting for himself the assignee refused to · transfer the accounts or make any report of his bid, but sued on the bond. As the assignee had not at any time disabled himself from carrying out the contract, it cannot be held that he had abandoned it, and therefore he was entitled to a performance of the contract by said Hodel, and on his failure to perform the assignee was entitled to recover on the bond.

Appeal from Moniteau Circuit Court.—*Hon. John M. Williams*, Judge.

AFFIRMED.·

*R. M. Embry* for appellant.

*Williams & Williams* for respondent.

BROADDUS, P. J.—This is an action on a bond executed by defendants to the plaintiff as assignee of The Hodel-Mutti Manufacturing corporation doing business in Moniteau county. On the 28d of June, 1909, the company made a general assignment for the benefit of its creditors to plaintiff. On the 10th of July, 1909, by an order of the circuit court, the plaintiff, as assignee, sold all the real estate and personal property belonging to the company, not including its notes and accounts, to defendant, A. S. Hodel, who was interested in the corporation, and as a part consideration for the purchase of the real estate and personal property and to provide for the payment of the corporation's debts, entered into said bond, with his co-surety, whereby they acknowledged themselves bound to the assignee in the sum of five hundred dollars, conditional that the assignee should collect, on or before December 1, 1909, out of the notes and accounts,

the sum of $4000, and in case the collections should fall short of said amount, then they agreed to pay the difference, in which case the uncollected notes and accounts were to be transferred to them.

The assignee, although he made the proper efforts to do so, failed to make the collections before December 1, 1909, for the full sum of $4000, the deficiency being $579. At the September term of 1909, of the court, the assignee made his report to the court and suggested to the court that an order be made to sell the uncollected notes and accounts, in order to transfer the title to Hodel, as required by the contract. Thereupon, the court made an order for such sale. Thus far there does not appear to be any difference between the parties as to the facts.

Plaintiff's evidence tends to prove that: On the 2d of December, 1909, the assignee told Hodel that the amount collected was much less than $4000 and spoke to him about advertising under the order of court, and they agreed upon a time for the sale that would be convenient to Hodel, and fixed the date for the 27th of that month; that before any advertisement was made of the accounts, the assignee told Hodel that the only purpose of the sale was to transfer the title to him under the contract; that at the conversation on the 2d and 3d of December, the assignee told Hodel the amount of the deficiency, at which time the arrangement was made for the sale; that on the morning of the sale the assignee went to Hodel's place and reminded him that the sale would be made, and Hodel promised to be on hand at that time; that the assignee asked him how much he was going to bid on the accounts and whether he was going to bid the full amount; that he did not answer, but said: "You go ahead and sell them;" that the sale was made at the court house at which the assignee again asked him if he was going to buy the accounts and that he answered again, "you go ahead and sell them:" that when they were offered

for sale a man by the name of Spealer bid fifty dollars; that Spealer and Hodel then went into the clerk's office and Hodel asked the clerk to make him a chattel mortgage on the notes and accounts to secure fifty dollars to him from Spealer, who had bid in the accounts; and that the assignee then asked Spealer in Hodel's presence, if he didn't buy the accounts for Hodel, who answered that he didn't, but bought them for himself. The assignee refused to transfer the accounts to Spealer and made no report of his bid. He tendered them to Hodel and offered to assign them to him at the trial.

The cause was tried before the judge and no declarations of law were asked or given. The finding and judgment were for plaintiff from which the defendant appealed.

Appellant insists that under the terms of the contract it became the duty of respondent to inform appellant of the condition of the notes and accounts on December 1, 1909; and that when respondent applied to the court for an order to sell them he abandoned his contract. It does appear that respondent did notify appellant that there were uncollected notes on the 2d of December, and that they then agreed that a sale should be made, and that the time and place should be suited to appellant's convenience.

The fact that respondent applied for and obtained an order of sale in September, standing alone seemed to indicate that he was relying upon the proceeds of the sale to make up the deficit of $579, and not upon appellant's bond. But if his purpose was to legalize the sale by an order of court so as to vest the title in Hodel, such intention is refuted. But the question of intention is not by any means controling, but it is whether he committed any act or did any thing which would constitute an abandonment of the contract. We think not. The attempted sale that was made under the order of court did not constitute an abandon-

ment. The title to the notes and accounts still remained in the plaintiff as assignee and there was no time during which the defendant could not have obtained a transfer of them to himself; and could have compelled plaintiff to do so, on tender of the amount of the deficit, or had his action for damages on the contract if plaintiff refused to comply with its terms. The obligation on plaintiff to transfer the notes and accounts and that of defendant to pay the deficit were mutual, but the obligation of plaintiff to transfer followed that of defendant to first pay the deficit. As no act of plaintiff at any time disabled him from carrying out the contract on his part we cannot appreciate the contention that he had as a matter of law or in fact abandoned it. We do not see how the court under the facts could have done otherwise than it did. Affirmed. All concur.